O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. EDCV 10-02017 VAP |
| ) | **EDCR 09-00013-VAP** |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER GRANTING MOTION TO DISMISS** |
| NEAL HELMS, ) | |
| ) | **[Motion filed on January 26, 2011]** |
| Defendant. ) | |

Movant/Defendant Neal Helms ("Helms") filed this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on December 30, 2010 ("Mot."). He argues that the Bureau of Prisons ("BOP") has not given him proper credit for time served in custody, and seeks an order that he be released forthwith. (Mot. at 5.)

On January 26, 2011, the Government filed a Motion to Dismiss ("Mot. Dismiss"). The Government urges the Court dismiss this action for lack of jurisdiction under 28 U.S.C. § 2255; alternatively, it seeks dismissal on the

ground that Movant failed to exhaust his administrative remedies with the BOP before filing suit. (Mot. Dismiss at 1.) Movant did not file opposition to the Motion to Dismiss.

## I. BACKGROUND

Movant pled guilty before this Court to one count of violating 18 U.S.C. § 922(f)(1), and on September 21, 2009 the Court imposed a sentence of 24 months imprisonment. (Case No. EDCR 09-00013 VAP, Doc. No. 25 (J. and Commitment Order).) Movant did not file a direct appeal from his conviction or sentence.

## II. DISCUSSION

**A. The Court Has Jurisdiction to Entertain This Motion under 28 U.S.C. § 2255**

The Government argues that the Court does not have jurisdiction pursuant to 28 U.S.C. section 2255 to grant the relief sought here, i.e., adjustment of Movant's custody status based on credit for good time served, because the time in which Movant could have filed a direct appeal has elapsed. (See Mot. Dismiss at 4-5.)

None of the cases the Government cites directly support this proposition, however. For example, although the Government cites United States v. Sumner, 226 F.3d 1005, 1013 (9th Cir. 2000), the Ninth Circuit in that

case considered only whether the district court had authority to expunge a youthful offender's criminal conviction in certain circumstances. Likewise, the Government's citation to United States v. Crowell, 374 790 (9th Cir. 2004) is unpersuasive; there, the Circuit again considered the district court's ancillary jurisdiction to expunge records of unlawful arrests or conviction. Finally, in United States v. Foumai, 910 F.2d 617, 620 (9th Cir. 1990), which the Government also cites, the Circuit held that the district court may modify or revoke its judgment during the period allowed for appeal.

In sum, none of the Government's cases stand for the proposition that the Court lacks jurisdiction here.

**B. Movant's Request for Relief Still Fails Even if Construed as a Petition for a Writ for Habeas Corpus Under § 2241 Because He Has Not Exhausted His Administrative Remedies**

It appears the Government also contends Movant must file a petition for writ of habeas corpus under § 2241. Although the Government's contention is correct, the cited cases are inapposite.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that prisoners in state custody must exhaust their state remedies before bringing a motion under 28 U.S.C. § 2254(b). 411 U.S. at 491-92. Preiser did not address the propriety of bringing a petition under § 2241 instead of § 2255.

The Government's reliance on Crawford v. Bell, 599 F.2d 890 (9th Cir. 1979), is also misplaced. In Crawford, the court affirmed the dismissal of the petitioner's writ of habeas corpus because the petitioner did not challenge the legality or duration of his confinement, but instead claimed that the terms and conditions of the petitioner's incarceration were unconstitutional. 599 F.2d at 891-92. Badea v. Cox also is dissimilar, as the plaintiff there brought a civil rights action, not a writ of habeas corpus, and the court affirmed the dismissal, holding only that "[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." Badea, 931 F.2d 574 (citing Preiser, 411 U.S. at 484). The Badea court did not specify whether § 2241 or § 2255 was the proper mechanism for redressing grievances based on allegedly-improper denial of good time credits.

1 | Although the Government did not provide relevant authority for its contention, its position is well-taken; denial of good time credits "are properly resolved through administrative determination by the BOP or, if necessary, through a habeas petition brought pursuant to 28 U.S.C. § 2241." United States v. Saeteurn, 504 F.3d 1174, 1180-81 (9th Cir. 2007); cf. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895 n.2 (9th Cir. 1996) (noting "Section 2255 provides for a motion to set aside or vacate a sentence, addressed to the sentencing court. Cases involving habeas petitions by federal prisoners fall under section 2241 . . . often challenge administration of parole, [and] computation of good time credit . . . ."). Here, Movant's petition is improper, as he brought it under 28 U.S.C. § 2255, not § 2241.

Nevertheless, even if the Court construed Movant's petition as one brought under § 2241, it would still fail.[1] "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (collecting cases); see also Tucker v.

---

[1] To the extent the Government contends the Court lacks jurisdiction because Movant has not exhausted his administrative remedies, such a contention lacks merit. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) (noting that for habeas petitions "the exhaustion requirement is not jurisdictional." (citing Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990))).

Carlson, 925 F.2d 330, 332 (9th Cir. 1991) ("Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition."). Here, BOP records indicate Movant has not availed himself of the available federal administrative remedies prior to bringing his petition. (Decl. of George Cho ¶¶ 7-8.) Accordingly, as Movant has not exhausted his administrative remedies, the Court DISMISSES Movant's Petition WITHOUT PREJUDICE.

Dated: May 16, 2011

VIRGINIA A. PHILLIPS
United States District Judge